Thank you, Your Honor. Good afternoon. May it please the Court, Counsel. I am Jay Wigman, an attorney for Respondent-Appellant B.P.D., who asserts that the trial court erred by sentencing the minor to jail in an adult facility for a violation of probation because such disposition was not available when he was placed on probation. The facts of this case are rather simple and straightforward. The Respondent was 15 years old when he committed the offense, and he was sentenced to five years of probation. When he was 20 years old, the State filed a petition to revoke his probation. The Respondent admitted the violation. The Court, over objection, sentenced him to jail rather than juvenile detention as is called for by the statute. The sentence was stayed. Those are the facts. Equally clear and simple is the law as set forth by In re Dexter L. by the Second District in 2002 when it was stated that the trial court is without authority to sentence a juvenile to an adult facility for a probation violation, particularly given that such treatment is not allowable for a probation violation at the time that he was originally sentenced. And I would note that in rendering this opinion, the Second District noted an opinion from the Attorney General in 1994 that stated under the same set of circumstances that placing a juvenile in an adult facility would not be allowable. The State seemingly concedes this issue as it doesn't challenge the substance of any of the points raised in our brief. Instead, the State argues that this determination is moot because the defendant is now over the age of 21. The first is that for two reasons, this is not a moot question. The first being that the fact that he is over the age of 21 has not been found to be relevant in cases which have determined this sort of question. And the lead on this might be Jamie P, a case cited by the State in its brief, in which that defendant was 24 years old, but the juvenile court kept jurisdiction over violations. And it was determined that the court was without jurisdiction because the child had turned 21. But at that stage, it was not a moot issue for the appellate court on review. I would also note, and again, a couple of cases cited by the State in its brief highlight this point, India B and J B both indicate that where a stay is put in place, then an issue is not moot because there is still relief that can be afforded to the parties and still something that is in controversy. And there is a controversy here, given that the juvenile court, even though it is without jurisdiction to handle this matter because the juvenile is no longer a juvenile, the juvenile court is continuing to exercise this sort of jurisdiction and is holding the five-day sentence in abeyance. So the juvenile does have something at issue in this case, and there is controversy. And we would therefore contend that this is not a moot issue. However, if this court finds that it is moot for either of those two reasons, then we would argue, and this is set forth in Andrea F, again, another case set forth by the State in its brief, the public interest exception applies. The public interest exception to the mootness doctrine, and this was also set forth in Dexter L when the Second District considered that case. And in that case, the defendant had served his sentence. So it had not been stayed. He was a juvenile in that case. And in Dexter L, the public interest exception was applied because the three factors that determine whether a public interest exists are, one, whether it's a question of a public nature, two, whether it is desirable to have an authoritative answer to guide public officials in questions such as this, and three, how high is the likelihood of a recurrence. And all three of those factors are here in this case as they were in Dexter L. The first, obviously, this is a question of public concern, housing juveniles with adults. Secondly, there is obviously a need for an authoritative answer to this question, particularly under the facts of this case, given that the trial court said that he had attended conferences and there had been discussions with other juvenile court justices throughout the state, and that it was a split question. About half, he said, said that it was appropriate to sentence a juvenile in these circumstances in an adult jail, and about half said that it had to be in juvenile detention. So obviously, this is a question that is being puzzled over by circuit courts and needs to be addressed by this court, particularly considering that there is no controversy in terms of appellate court rulings. There is one ruling that is with whom this judge discussed the case. And finally, the fact that there is a likelihood of recurrence is especially likely in a juvenile case, and particularly in a case where you're looking at such a short term. When you have a term of five days, there is not an opportunity, unless it has occurred here in the sentence at stake, for this type of sentence to be reviewed. And when you're dealing with a juvenile, you're looking at a number of circumstances where the child is going to age out and not be a part of the system, or where simply the sentence doesn't have time to be reviewed. So with those three factors in play, it is clear that the public interest exception to the mootness doctrine applies. And that is if and only if the court finds that the question is moot, which we would ask that this court not so find. If there are no questions, then I would conclude by asking that this court reverse the judgment of the circuit. I guess there aren't any questions. Thank you, Mr. Wigman. Ms. Duffy? Good afternoon, Your Honors. I'm going to stand on my brief, the issue being moot, unless you have any questions. No questions. Thank you. And I will actually be surprised if you have a response to that. I didn't. Okay. I wasn't, you know, welcome to me. All right, we will take this matter under advisement, get back to it with a written disposition within a short time. We'll now take a short recess for a panel.